## PROCEEDINGS IN ATTACHMENT BEFORE JUSTICE OF THE PEACE.

Common Pleas Court of Licking County.

SPEAKS & RYAN ET AL v. F. LISEY & CO. *

Decided, April Term, 1908.

*Attachment—Affidavit Charging Intent to Defraud—Failure of Evidence to Support Charge—Bill of Exceptions—Endorsement of Bill by Justice in Irregular Manner—Extension of Time Within Which to File Bill—Section 6494.*

1. An interlineation in the bill of exceptions from the court of a justice of the peace, purporting to overrule the motion to discharge the attachment and extending the time for filing the bill of exceptions, together with the pasting on the bill of a piece of paper on

which is written the apparent endorsement and allowance of the bill by the justice, will be presumed by a reviewing court to have been placed there in good faith and at the time stated, as against hints by counsel that these additions were made at a later date.

2. Evidence that the constable, when he levied the attachment, simply marked certain goods as "attached" but made no further effort to take possession of them, notwithstanding the expressed willingness of the defendants that sufficient goods should be taken to satisfy the claim, does not support the charge in the affidavit that the defendants were about to dispose of their property with intent to defraud their creditors, although it appears that the defendants did soon afterward make an assignment for the benefit of their creditors.

*A. A. Stasel* and *E. S. Randolph,* for plaintiff in error.　·
*Smythe & Smythe,* contra.　　　：　·

SEWARD, J. (orally).

This is a proceeding in error from the docket of Lee S. Lake, justice of the peace. An affidavit in attachment was filed before the justice against the defendant by Fred Lisey & Co. The case is brought here upon a petition in error. The testimony is all set out. It is claimed that there is error in the proceedings of the justice in failing to sustain a motion to dismiss the attachment on the ground that the affidavit is insufficient; that the facts stated in the affidavit are untrue, and that the attachment was not valid because the constable did not take possession of the property.

The record shows that the property was a stock of goods in a store building in this city; that the constable on the 19th of November, after having had this writ of attachment placed in his hands, went to the store room and marked "Attached" on some of the property that he returned as levied on by the proceeding in attachment. The record does not disclose that he took any other possession of the property. I think the record is pretty clear on that proposition; that the constable did not take possession of the property. It shows that no appraisement was made until the next day, after the property had been assigned to Randolph, as assignee for the creditors of Speaks & Ryan. But it is claimed, and the record tends to show, that Speaks & Ryan

offered the plaintiff the right to take such property as would satisfy his claim.

The principal ground of the attachment, and *the* ground as set out in the affidavit, is that they were about to dispose of their property with intent to defraud their creditors. They made an assignment for the benefit of their creditors, and they were frank enough, when Lisey was there, to offer to let him take out property sufficient to satisfy his claim. They seemed to want to pay their creditors. This was before the affidavit was made.

It is claimed that there is no bill of exceptions here, because the bill of exceptions was not presented to the justice within the time required by the statute. The justice has the right to extend the time for presenting a bill of exceptions for a period not exceeding ten days and not less than five days, if required or requested by either party. The following is interlined, and it is mildly suggested that it was interlined after the bill of exceptions was signed. It says:

"The motion in attachment overruled, to which defendants excepted." After that, appears these words: "Saying he had ten days within which to file a bill of exceptions, to which the justice replied: Alright."

It is claimed by one of the parties that that was not an extension of the time for a period of ten days within which to prepare and sign the bill of exceptions. The court thinks that if that occurred there, that was an extension of the time under the statute to prepare and present the bill of exceptions to the justice of the peace for his signature.

It is claimed that the court has the right to go to the original papers to find out about the matter. The court is governed by the bill of exceptions, which is signed by the justice of the peace. These words are pasted on the bill of exceptions—on a piece of yellow paper, the kind that we used in taking notes here, and it is mildly intimated that this was done after the bill of exceptions was signed:

"F. Lisey & Co. v. Speaks & Ryan. Before Lee S. Lake, a Justice of the Peace, in and for Newark Township, Licking County, Ohio.

"December 18th, 1906, the defendant presented its bill of exceptions herein, which embodies all of the evidence, both parol and written, which was adduced on the hearing of the motion to discharge the attachment herein.

"In consideration whereof, the court finds that said bill of exceptions does include all of the evidence adduced on said hearing, and said bill of exceptions is allowed, and this day filed."

If the court is right in its conclusion, that the announcement of the justice, gave to the exceptors ten days within which to file a bill of exceptions, and this motion for the dismissal of the attachment was overruled on the 12th of December, then this bill of exceptions was presented in time. The court is not going to guess at this matter, as to whether this was on here or not. The court presumes that it was on when signed by the justice. While it is a bad way to get up a bill of exceptions, and ought not to be allowed by the justice of the peace, yet, the court is not going to presume bad faith because of any of these charges, that they pasted this on the bill of exceptions after is was signed by the justice of the peace. Counsel should not permit anything of that kind to be done, where it would give ground for such an attack as is made in this case. The court thinks this is the bill of exceptions signed by the justice of the peace, and the court goes to the bill of exceptions to find what the record shows.

Now, as to the evidence. The court is thoroughly satisfied that the affidavit of the plaintiff was not sustained by the evidence at all; that these parties were not attempting to dispose of their property with intent to defraud their creditors. There isn't any evidence that tends to show this in the mind of the court; and if this case had been appealed under Section 6494, the court would have no trouble with the case at all, in sustaining the motion to dismiss the attachment, and has very little trouble with it, on the bill of exceptions.

The petition in error is sustained, and the judgment of the court below is reversed.